IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2018 Session

## PAUL KOCZERA ET AL. v. CHRISTI LENAY FIELDS STEELE ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B0LA0425      John D. McAfee, Judge**

———————————————————

**No. E2017-02056-COA-R3-CV**

———————————————————

This negligence action primarily concerns a failed attempt at service of process in an underlying healthcare liability action filed in 2008. After the dismissal of a defendant doctor in the underlying suit, the plaintiffs filed the present case asserting that the defendants prevented the doctor from being served with process in the healthcare liability action. The defendants moved for summary judgment. The trial court, among other rulings, granted the motion for summary judgment, and the plaintiffs appealed the trial court's various rulings. In an opinion filed on April 28, 2017, we affirmed the denial of the plaintiffs' motions for default judgment, to dismiss their own complaint as moot, and for additional time to conduct discovery; however, we vacated the order granting the defendants' motion for summary judgment and remanded the case for entry of an order that complied with Tennessee Rule of Civil Procedure 56.04. On remand, the trial court again granted summary judgment explaining that its decision was based on its conclusion that no duty of care was owed by the defendants to the plaintiffs. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. KELLY THOMAS, JR., JJ., joined.

Wanda McClure Dry, Danville, Kentucky, for the appellants, Paul Koczera and Jolene Koczera.

Wynne du M. Caffey-Knight, and John Towers Rice, Knoxville, Tennessee, for the appellees, Christi Lenay Fields Steele, Randall E. Pearson, MD, Oak Ridge Urology Associates, and Tennessee Urology Associates, PLLC..

## OPINION

## I. FACTS & PROCEDURAL HISTORY

The present case arises out of an underlying healthcare liability action originally filed in 2008. The plaintiffs-appellants in the current negligence case, Paul and Jolene Koczera ("Plaintiffs"), were also the plaintiffs in the medical malpractice case. Because this is the third appeal of Plaintiffs' negligence case, we incorporate the following relevant facts from our Opinion in the prior appeal:

> Plaintiffs Paul and Jolene Koczera are a married couple who previously filed a healthcare liability action against Dr. Laurence O'Connor and other defendants, including Oak Ridge Urology Associates ("the O'Connor suit"). Christi Steele, the office manager for Oak Ridge Urology Associates, was served with Dr. O'Connor's process and gave the complaint and summons to another doctor ("Dr. Pearson"), who gave them to Dr. O'Connor. Dr. O'Connor filed an answer in the suit, in which, *inter alia*, he asserted the defense of insufficiency of service of process, contending that Ms. Steele was not authorized to accept service of process on his behalf; on the basis of that defense, Dr. O'Connor was dismissed as a defendant.

> Plaintiffs then filed the lawsuit that led to this appeal on September 10, 2010, against Ms. Steele, Dr. Pearson, Oak Ridge Urology Associates, Tennessee Urology Associates, PLLC, and Tennessee Urology Associates, PLLC d/b/a Oak Ridge Urology Associates, alleging that the negligence and negligent misrepresentation of those parties prevented Dr. O'Connor from being properly served and resulted in his dismissal from the suit; they sought $1.5 million in damages.

> Defendants filed their answer on October 13 denying liability, asserting that Plaintiffs failed to serve process on Tennessee Urology Associates, PLLC, and pleading the defenses of comparative fault, intervening cause, and "res judicata and/or collateral estoppel." Contemporaneously with the answer, Defendants filed a motion for summary judgment, asserting that they owed no duty to Plaintiffs, they did not act unreasonably, they did not cause any damage or injury to Plaintiffs, that Plaintiffs suffered no damages, and that Plaintiffs' counsel was negligent in failing to secure service of process on Dr. O'Connor. Defendants supported the motion with a statement of undisputed facts supported by ten exhibits: the return filed by the sheriff's deputy who served Dr. O'Connor's copy of the complaint; the deposition of Ms. Steele

taken in the O'Connor suit; the affidavit of Dr. Pearson; the answer filed by Dr. O'Connor and Oak Ridge Urology Associates in the O'Connor suit; the order dismissing Dr. O'Connor from the O'Connor suit; the affidavit of Plaintiffs' counsel's paralegal; an order entered by the Court of Appeals in the O'Connor suit denying application for interlocutory appeal; one page from the transcript of a May 21, 2010 hearing in the O'Connor suit; and two records from the Board of Professional Responsibility.

On November 3, 2010, the Circuit Judge entered an order recusing himself and designating a judge to hear the case by interchange. On December 14, Plaintiffs filed a response to the motion for summary judgment, requesting that the hearing on the motion be postponed for several reasons, including Defendants' attorney's failure to provide dates for requested depositions and the fact that no discovery had taken place. Plaintiffs argued that "[b]ecause of the lack of discovery . . . a response on the merits to the Motion for Summary Judgment is impossible at this time." On December 28, Plaintiffs filed a document styled "Motion To Dismiss, As Moot," asking that the action be dismissed due to the settlement of the underlying healthcare liability action. Defendants opposed the motion.

On February 14, 2011, Plaintiffs filed a response to Defendants' statement of undisputed material facts, specifically disputing three of the statements, and responding to several of the statements in this manner:

> Plaintiffs agree that this fact is undisputed for purposes of ruling on the motion for summary judgment only. (Plaintiffs may dispute this fact later, because [the deputy, Ms. Steele, Dr. Pearson, and Dr. O'Connor] ha[ve] not yet been deposed . . . . Plaintiffs will not know whether or not this fact will be disputed [. . .] until discovery depositions of those people are taken.)

Plaintiffs also asserted additional statements of undisputed fact. In their response to Defendants' statement as well as in support of their statements of undisputed fact, Plaintiffs relied on the pleadings and the deposition of Ms. Steele taken in the O'Connor suit and the complaint in the present suit. Plaintiffs also filed a memorandum opposing summary judgment, again raising the lack of discovery and arguing that the case should be dismissed as moot "because a settlement was reached in the underlying medical malpractice case, so that, as of today, Plaintiffs are willing to forego the pursuit of the remaining damages."

On February 23, a hearing was held on the Defendants' motion for summary judgment, Plaintiffs' motion to dismiss, and Plaintiffs' request that the motion for summary judgment be delayed until discovery could be completed. The court denied Plaintiffs' request for a continuance to conduct additional discovery as well as their motion to dismiss; the court granted Defendants' motion for summary judgment. The court's oral rulings were incorporated into a written order, entered on June 29.

Before the oral ruling was memorialized in an order, Plaintiffs moved for a default judgment against Oak Ridge Urology Associates on the basis that it never filed an answer to the complaint. Defendants filed a response, asserting that the Answer "made clear that the Answer was filed on behalf of the urology practice and that the naming of Oak Ridge Urology Associates as a stand-alone party was incorrect. By making these denials and averments, the Answer was filed on behalf of Oak Ridge Urology Associates . . . ." The trial court did not rule on this motion.

After entry of the June 29 order, Plaintiffs appealed; this Court dismissed the appeal due to lack of a final judgment on September 15, 2011, due to the pending motion for default judgment. On October 26, 2015, Plaintiffs gave notice of a hearing on the motion for default judgment. After a hearing, the trial court entered an order denying the motion for default judgment.

*Koczera v. Steele*, No. E2015-02508-COA-R3-CV, 2017 WL 1534962, at *1-2 (Tenn. Ct. App. Apr. 28, 2017) (footnote omitted) (alterations in original).

Plaintiffs then filed a second notice of appeal, raising several issues for this Court's review concerning the trial court's various rulings. *Id.* at *2-3. In an Opinion filed on April 28, 2017, we affirmed the denial of Plaintiffs' motions for default judgment, to dismiss their complaint, and for additional time to conduct discovery. *Id.* at *3-6. However, we vacated the order granting Defendants' motion for summary judgment and remanded the case for entry of an order that complied with Tennessee Rule of Civil Procedure 56.04. *Id.* at *7; *see* Tenn. R. Civ. P. 56.04 (requiring trial courts to "state the legal grounds upon which the court denies or grants the [summary judgment] motion").

On remand, the trial court held a hearing on July 28, 2017, regarding this Court's instruction to enter an order including adequate findings of fact and conclusions of law to support its decision to grant summary judgment in favor of Defendants. Thereafter, the trial court again ordered that Plaintiffs' negligence suit be dismissed, finding as follows:

Based on this record, a sufficient relationship does not exist between the parties such that the community would impose a legal obligation upon the Defendants in this case for the benefit of the Plaintiffs. As a matter of law, the Plaintiffs are not entitled to legal protection at the hands of these Defendants. In other words, the Defendants owe no duty of ordinary care to the Plaintiffs, whose attorneys failed to verify proper service on Dr. O'Connor.

Again, Plaintiffs appeal. For the following reasons, we affirm the trial court's decision and remand for further proceedings.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment may satisfy its burden of production by (1) affirmatively negating an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish its claim. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a motion for summary judgment is properly supported, the nonmoving party, in order to survive summary judgment, may not rest upon the mere allegations or denials of its pleading but must respond, and by affidavits or one of the other means provided in Rule 56, set forth specific facts showing that there is a genuine issue for trial. *Id.* at 265. "The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* "[S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial." *Id.* (citing Tenn. R. Civ. P. 56.04, 56.06). Appellate courts review the grant or denial of a motion for summary judgment de novo with no presumption of correctness. *Id.* at 250.

## III. ANALYSIS

On appeal, Plaintiffs argue that the trial court erroneously concluded that Defendants did not owe Plaintiffs a duty of reasonable care. Therefore, according to Plaintiffs, the court erred in granting Defendants' motion for summary judgment.

As to a plaintiff's burden in asserting a negligence claim, the Tennessee Supreme Court has previously explained:

In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)[.]

*Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009). At issue here is the first element, that of duty. Duty has been defined as "the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Id.* And "the question of whether a defendant owes a duty of care to the plaintiff is a question of law to be determined by the courts." *Id.* at 365.

"As a general rule, persons have a duty to others to refrain from engaging in affirmative acts that a reasonable person 'should recognize as involving an unreasonable risk of causing an invasion of an interest of another' or acts 'which involve[ ] an unreasonable risk of harm to another.'" *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008) (quoting Restatement (Second) of Torts §§ 284, 302, at 19, 82 (1965)). Such affirmative acts are known as "misfeasance." *Giggers*, 277 S.W.3d at 364.

Conversely, "nonfeasance" is "passive inaction or a failure to take steps to protect [others] from harm." *Satterfield*, 266 S.W.3d at 356 (quoting W. Page Keeton, *Prosser and Keeton on the Law of Torts* § 56 (5th ed.1984)).

As for nonfeasance, Tennessee's courts generally have declined to impose a duty to act or to rescue. *Bradshaw v. Daniel*, 854 S.W.2d [865,] 870 [(Tenn. 1993)]; *Newton v. Tinsley*, 970 S.W.2d [490,] 492 [(Tenn. Ct. App. 1997)]. Simply stated, persons do not ordinarily have a duty to act to protect others from dangers or risks except for those that they themselves have created. *Biscan v. Brown*, 160 S.W.3d 462, 478-79 (Tenn. 2005); *Nichols v. Atnip*, 844 S.W.2d 655, 661 (Tenn. Ct. App. 1992).

Tennessee's general rule with regard to nonfeasance is consistent with the Restatement's position that "[t]he fact . . . the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts § 314, at 116. This general and long-standing principle of tort law [is] often termed either the "no duty to act rule" or the "no duty to rescue rule" . . . .

6

*Id.* at 357.[1]

However, in order to mitigate the harshness of the common law rule, our courts have recognized certain exceptions where "the defendant has a special relationship with either the individual who is the source of the danger or the person who is at risk," such as between a landlord and tenant. *Giggers*, 277 S.W.3d at 364. Thus, under Tennessee law, "'while an actor is always bound to prevent his acts from creating an unreasonable risk to others, he is under the affirmative duty to act to prevent another from sustaining harm only when certain socially recognized relations exist which constitute the basis for such legal duty.'" *Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997) (quoting *Bradshaw*, 854 S.W.2d at 871).

In her deposition, Ms. Steele stated that a sheriff's deputy arrived at the office where she worked on September 29, 2008, and asked her if she was the office manager, to which she responded "yes." According to Ms. Steele, he handed her "papers for Dr. O'Connor," but she did not know what the papers were "until after [she] had them." She could not remember the officer explaining to her what the papers were, and the two did not discuss whether or not she was authorized to accept process on Dr. O'Connor's behalf. After he left, she handed the documents to Dr. Pearson.

The issue here is one of characterization. Plaintiffs argue that both Ms. Steele and Dr. Pearson had a duty to inform the sheriff's deputy who delivered the documents for Dr. O'Connor that they were not authorized to accept process on Dr. O'Connor's behalf—or at least to inquire about the nature of the delivered papers. Plaintiffs characterize this as a "duty to disclose" or a "duty not to interfere." Still, the crux of Plaintiffs' argument is that Defendants had a duty to take some action to correct the officer's error in serving process on one not authorized to accept it. There is, however, no special relationship recognized at law between Defendants and Plaintiffs that qualifies as an exception to the "no duty to act rule."

Plaintiffs make much out of the trial court's "fail[ure] to apply the balancing test outlined in *Satterfield* to determine whether or not Defendants[] had a duty." The Tennessee Supreme Court explained the balancing test Plaintiffs refer to as follows:

> When the existence of a particular duty is not a given or when the rules of the established precedents are not readily applicable, courts will turn to public policy for guidance. Doing so necessarily favors imposing a duty of reasonable care where a defendant's conduct poses an unreasonable and

---

[1] For a more comprehensive discussion of the history of Tennessee courts' adherence to the "no duty to act rule," see *Satterfield*, 266 S.W.3d at 357-59.

foreseeable risk of harm to persons or property. When conducting this analysis, the courts have considered, among other factors: (1) the foreseeable probability of the harm or injury occurring; (2) the possible magnitude of the potential harm or injury; (3) the importance or social value of the activity engaged in by the defendant; (4) the usefulness of the conduct to the defendant; (5) the feasibility of alternative conduct that is safer; (6) the relative costs and burdens associated with that safer conduct; (7) the relative usefulness of the safer conduct; and (8) the relative safety of alternative conduct.

*Satterfield*, 266 S.W.3d at 365 (citations and internal quotation marks omitted). However, Plaintiffs erroneously characterize the alleged negligence of Ms. Steele and Dr. Pearson as misfeasance rather than nonfeasance. The balancing test above has generally been applied where a defendant's *conduct* poses an unreasonable and foreseeable risk of harm, not a defendant's inaction. *See Grogan v. Uggla*, 535 S.W.3d 864, 871-72 (Tenn. 2017) (declining to analyze the issue of duty under the "*Satterfield* duty factors" where a defendant inspected failed to identify a source of harm during an inspection); *see also, e.g.*, *Burroughs v. Magee*, 118 S.W.3d 323, 329-35 (Tenn. 2003); *Satterfield*, 266 S.W.3d at 365-69.

We also note that Ms. Steele and Dr. Pearson did not assume such a duty of reasonable care. Plaintiffs compare their case to that of *Draper v. Westerfield*, 181 S.W.3d 283 (Tenn. 2005). In *Draper*, a radiologist reviewed a child's medical records as part of a child abuse investigation. *Id.* at 286. The mother of the child, who later died from injuries inflicted by her father, filed suit against the radiologist claiming that he had a duty to report his suspicions of abuse to investigators. *Id.* at 286-87. The Tennessee Supreme Court agreed, emphasizing that "'[o]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully.'" *Id.* at 291 (quotation omitted). The Court held that "[b]y reviewing [the child's] medical records as part of a child abuse investigation, [the radiologist] voluntarily undertook a duty on behalf of [the child] to use reasonable care in reviewing the medical records and reporting his findings and conclusions to the investigators." *Id.*

According to Plaintiffs, "[e]ven if [Ms.] Steele did not originally have a duty to act," she "undertook to render services . . . by accepting service of process for Dr. O'Connor." However, this case is easily distinguishable from *Draper*. Unlike the radiologist in *Draper*, Defendants did not voluntarily offer their services. The radiologist in that case was asked to assist investigators in reviewing medical records, and he voluntarily did so and reported his findings. In contrast, Ms. Steele's and Dr. Pearson's passive acceptance of unidentified documents delivered to the office's front desk is not enough to conclude Defendants assumed a duty of reasonable care.

8

We also address Plaintiffs' argument that Defendant Tennessee Urology Associates "had a duty to have, implement, and enforce adequate policies, procedures, and/or guidelines to prevent [Defendant] Ms. Steele from wrongfully accepting service of process for Dr. O'Connor without being authorized to do so" and a duty to "ensure that she and/or [Defendant] Dr. Pearson properly followed up after the fact so that *the Deputy's error* could be promptly corrected" (emphasis added). This argument is also without merit. It is yet another attempt by Plaintiffs to shift the responsibility of perfecting service of process on another party. The law, however, simply does not impose a duty on individuals or on organizations to assist plaintiffs in their quest to serve process on another. Nor does it impose a duty to assist a plaintiff in correcting its admitted error.

Therefore, because we agree that Defendants did not owe Plaintiffs a duty of care, we conclude that the trial court did not err in granting Defendants' motion for summary judgment.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellants, Paul Koczera and Jolene Koczera, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

9